F. W. MYERS & Co., INC. v. UNITED STATES

**No. 5607.**—Invoices dated Shawinigan Falls, Quebec, December 5, 1938, etc. Entered at Rouses Point, N. Y., December 8, 1938, etc. Entry No. A–1999, etc.

(Decided April 1, 1942)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

OLIVER, Presiding Judge: These are appeals to reappraisement under section 501 of the Tariff Act of 1930 from the values found by the United States appraiser at the port of Rouses Point, N. Y., on certain polymerized vinyl acetate resins of various consistencies, imported from Canada. At the hearing, the ten appeals under consideration were consolidated for the purpose of trial, by consent of counsel for the respective parties.

There seems to be no dispute that the proper basis of appraisement for this merchandise is foreign value. The sole question before me is whether an item of 8 per centum Canadian sales tax should be included in the dutiable foreign value. Plaintiff deducted the item on entry, and it was added back by the appraiser.

The basis for the claim of exemption from the 8 per centum Canadian sales tax lies in the Canadian Special War Revenue Act and amendments, copies of which are attached to the special agent's report,

exhibit 4 herein. Section 86 (2–b) and (2–e) of that act provides as follows:

Sec. 86. 2. Notwithstanding anything contained in the preceding subsection, the consumption or sales tax shall not be payable on goods,—

(b) sold by a licensed manufacturer to another licensed manufacturer if the goods are partly manufactured goods; or

(e) sold by a licensed manufacturer to a licensed wholesaler.

A licensed manufacturer is one engaged in the business of manufacturing who is required to take out an annual license, the fee for which does not exceed $2. (R. 12 and section 95 of the Canadian Revenue Act.)

The evidence before me consists of a sample of the merchandise in suit, exhibit 1, and the oral testimony of one witness, introduced by plaintiff, and three special agent's reports, which were offered by the defendant and admitted in evidence as exhibits 2, 3, and 4.

The oral testimony is that of the sales manager of the Canadian manufacturer and exporter of the merchandise in question. He stated that he supervised sales of the instant merchandise, both for home consumption in Canada and for export to the United States, and that in all of such sales neither his company nor the purchaser paid any Canadian sales tax. The witness testified that this commodity is used only as a material for further manufacture into a finished product; and that, except for a few sales in small quantities for experimental purposes, all of this merchandise was sold to licensed manufacturers.

The special agent's reports admitted herein contain nothing which contradicts the testimony of plaintiff's witness. On the contrary, they lend support to it by showing that polymerized vinyl acetate is a commodity fit only to be used as an ingredient in the manufacture of a finished product; and that all transactions in Canada involving such merchandise have been with licensed manufacturers.

The contention of counsel for defendant that the sales to licensed manufacturers represent sales to a particular class of buyers, and therefore should not be regarded as controlling, is, in my opinion, without foundation in fact. In the special agent's report, exhibit 3, the marketability of the present merchandise is very clearly and succinctly set forth. It appears as a statement of the individual who appeared at the trial as plaintiff's witness, and reads, in part, as follows:

No unlicensed firm or person in Canada has ever asked to purchase the merchandise in question and there has been no occasion to offer it for sale to an unlicensed party. The company is willing to offer it freely to an unlicensed firm or person but as the nature of the merchandise requires it to be processed by expensive manufacturing equipment so as to be of use, it has so far been an established fact that it has only been offered and sold to manufacturers who have the necessary equipment and are licensed.

Concerning the use by licensed manufacturers of the merchandise, the same report states:

that the nature of the merchandise precludes its being of any use to anyone who is not a manufacturer with necessary equipment to further process it and any such manufacturer would procure a license as an aid to securing cheapness of production and a lower sales price for the finished product.

The proof offered by both sides establishes that these polymerized vinyl acetate resins are partly manufactured goods; that they are sold in the foreign market by licensed manufacturers to licensed wholesalers; and that they are not subject to the Canadian sales tax.

This conclusion is in line with that in the case of *United States* v. *Carbide & Carbon Chemicals Corp.*, Reap. Dec. 4091, which involved identical merchandise and presented the same issue. It is also consistent with the decision in the case of *United States* v. *John V. Carr & Son*, Reap. Dec. 4092, that involved certain acetylene black whose appraised value included a 6 per centum Canadian sales tax. In the latter case, the court found that the acetylene black was a constituent used in the manufacture of batteries, and that the sales tax was never applied to the material, as such, but was imposed on the selling price of the finished batteries. Accordingly, it was held that the item of 6 per centum Canadian sales tax was not a part of the dutiable foreign value of the imported acetylene black.

On the basis of the record before me, I find as a matter of fact:

(1) That the merchandise whose dutiable value is in question consists of various grades of polymerized vinyl acetate resins.

(2) That the proper basis of appraisement for that merchandise is foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930.

(3) That the 8 per centum Canadian sales tax is no part of such foreign-market value of the present merchandise.

Accordingly, I hold as matter of law that the proper dutiable foreign values of this merchandise are the entered values. Judgment will be rendered accordingly.