DAVIES TURNER & COMPANY *v*. UNITED STATES

**No. 7932.—** Entry No. 1953.

(Decided January 15, 1951)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*John J. Antus* and *Samuel D. Spector,* special attorneys), for the defendant.

LAWRENCE, Judge: An importation of ferrocerium flints from Canada, invoiced at $6.50 per pound and entered at $7.50 per pound, was appraised at $7.50 per pound, plus a Canadian excise tax of $4.20 per pound, net, packed. The above amounts are in Canadian currency.

Plaintiff contends that the Canadian excise tax is not part of the proper dutiable value of the merchandise and has filed an appeal for a reappraisement pursuant to section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1501).

At the trial of the issue, the testimony of one witness was offered on behalf of the plaintiff, and five documentary exhibits were received in evidence, two of which were tendered by the plaintiff and three by the defendant.

The sole witness, Frank A. Donars, examiner at the port of Chicago, merely stated that the only difference between the entered and appraised values was the excise tax of $4.20 per pound.

Plaintiff's exhibit 1 consists of an affidavit of Bernard Fisher, vice president of Belgo Canadian Mfg. Co., Ltd., exporter of the present importation.

Plaintiff's exhibit 2 comprises an affidavit of Cyril E. Schwisberg, barrister and solicitor at law admitted to practice law before the courts of the Province of Quebec, Canada, with which was incorporated a copy of the Canadian Excise Tax Act and amendments to September 1948.

Defendant's collective exhibits A, B, and C consist of reports of the Treasury attaché at Montreal, Canada, together with supporting papers, dealing with the sale of ferrocerium flints in the home and foreign markets and the relation of the Canadian excise tax to such sales.

It is not disputed that the basis of appraisement was foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), and except for the addition of the Canadian excise tax of $4.20 (Canadian) per pound the export value, as defined in section 402 (d) of said act (19 U. S. C. § 1402 (d)), is the same. Consequently, all elements of appraisement required by section 402 (c) and (d), *supra*, are implicit in the determination and findings of the appraiser. *United States* v. *Fritzsche Bros., Inc.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371.

The only issue before the court is whether or not the Canadian excise tax was part of the proper dutiable value of the merchandise.

The Excise Tax Act, a copy of which has been incorporated as part of plaintiff's exhibit 2 and defendant's collective exhibits B and C, contains *inter alia* the following provisions:

**80.** 1. Whenever goods mentioned in Schedules I and II of this Act are imported into Canada or taken out of warehouse, or manufactured or produced in Canada and delivered to a purchaser thereof, there shall be imposed, levied and collected, in addition to any other duty or tax that may be payable under this Act or any other statute or law, an excise tax in respect of goods mentioned.

(*a*)  in Schedule I, at the rate set opposite to each item in the said Schedule computed on the duty paid value or the sale price, as the case may be;

\*  \*  \*  \*  \*  \*  \*

2.  Where the goods are imported, such excise tax shall be paid by the importer or transferee who takes the goods out of bond for consumption at the time when the goods are imported or taken out of warehouse for consumption, and where the goods are manufactured or produced and sold in Canada, such excise tax shall be paid by the manufacturer or producer at the time of delivery of such goods to the purchaser thereof.

3.  The tax imposed by this section or by section eighty-three is not payable in the case of goods that are purchased or imported by a manufacturer licensed under this Part or under section one hundred and thirty of *The Excise Act, 1934*, and that are to be incorporated into and form a constituent or component part of an article or product that is subject to an excise tax under this Part or to an excise duty under *The Excise Act, 1934*.

\*  \*  \*  \*  \*  \*  \*

SCHEDULE I

(See Section 80, ss. 1)

\*  \*  \*  \*  \*  \*  \*

4.  Devices, commonly or commercially known as lighters, which produce sparks, flame or heat, whether or not in combination with other articles, on the separate or combined value, as the case may be_____twenty-five per cent.

\*  \*  \*  \*  \*  \*  \*

12.  Ash trays; tobacco pipes; cigar and cigarette holders; cigarette rolling devices and other smokers' accessories, not to include lighters, matches or tobacco_____thirty-five  per cent.

There is evidence of record to the effect that the Canadian tax authorities set a value of $12 per pound on lighter flints imported or manufactured in Canada. It is also evident from the record that the excise tax of $4.20 (Canadian) here in controversy is arrived at by applying the 35 per centum rate of duty provided in paragraph 12, Schedule I, *supra*, to said value, flints being encompassed within the provision for "other smokers' accessories."

It is the contention of plaintiff herein that inasmuch as the excise tax is not imposed on sales of flints in Canada when sold to a licensed lighter manufacturer to be incorporated in lighters (Excise Tax Act, section 80, subsection 3, *supra*), but only attaches when the flints are delivered to certain purchasers, the cases of *F. W. Myers & Co., Inc.* v. *United States*, 8 Cust. Ct. 656, Reap. Dec. 5607, and *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, are controlling of the issue herein.

In connection with the contention of plaintiff, it is of interest to note that a listing of sales in the home market for a 6 months' period prior to the importation in issue, contained in defendant's collective exhibit A, being a report of the Treasury attaché at Montreal, discloses 25 sales of flints without the assessment of $4.20 (Canadian) per pound excise tax and 11 sales of flints bearing said assessment.

With regard to the cases relied upon by the plaintiff herein, the *Myers* case, *supra*, involved a claim for exemption from an 8 per centum Canadian sales tax levied by the Canadian Special War Revenue Act and amendments thereto. Upon a finding by the trial judge that the polymerized vinyl acetate resins there involved were sold in the foreign market by licensed manufacturers to licensed wholesalers, in which event section 86, subsection 2 of the revenue act, *supra*, provided that the sales tax shall not be payable, it was held that the merchandise there in issue was not subject to the 8 per centum Canadian sales tax.

In the case of *United States* v. *Wm. S. Pitcairn Corp.*, *supra*, the question raised was whether a British purchase tax of 16⅔ per centum or 33⅓ per centum which the appraiser added to the entered values of the involved merchandise was a proper part of foreign value. In holding that the tax was not part of the foreign and dutiable value, the appellate court stated—

\* \* \* there is substantial evidence of record to establish that merchandise like and similar to that here involved is not freely offered for sale for home consumption to *all purchasers* in the usual wholesale quantities and in the ordinary course of trade in the country from which exported *at a price which includes the British purchase tax,* and that it is only when such goods enter the "retail realm" or are sold by *registered* manufacturers, wholesalers, or dealers to *unregistered* retailers or dealers or to the consuming public, or are transferred to the retail branch stores of registered manufacturers or wholesalers for retail purposes that they are subject to the British purchase tax. [Italics quoted.]

Distinguishing the case before it from *United States* v. *Passavant*, 169 U. S. 16, wherein it was held that a Government tax was a part of the actual market value or wholesale price of cotton velvets in the principal markets of Germany, the court said:

The difference between the facts in the *Passavant* case and those in the case at bar is that in that case the tax accrued when the manufacturer sold, that is, when the merchandise was introduced into the open market, and was always a part of the actual market value and was included in the price at which the merchandise was sold to all purchasers for home consumption, whereas, in the instant case, the tax does not accrue when the merchandise is sold by registered manufacturers to registered wholesalers or by registered wholesalers or dealers to other registered wholesalers or dealers, but accrues only when the merchandise is sold to unregistered dealers or to the consuming public.

After due consideration of the record before me in the present issue and the arguments of counsel, it is apparent that there is no essential point of difference between this case and the *Pitcairn* case, *supra*, which I regard as controlling.

In view of the exemption from the excise tax provided in section 80, subsection 3, of the Canadian Excise Tax Act, *supra*, it is clear that ferrocerium flints are not freely offered for sale for home consumption to *all purchasers* in the usual wholesale quantities and in the ordinary

course of trade in the country from which exported *at a price which includes the excise tax*, and that it is only when such goods are not delivered to licensed manufacturers to be incorporated into and form constituent and component parts of other articles that the excise tax of $4.20 (Canadian) per pound is applicable to flints.

Accordingly, I find as facts:

1. That the merchandise consists of ferrocerium flints imported from Canada.

2. That at the time of exportation a Canadian excise tax of $4.20 (Canadian) per pound was imposed when such or similar merchandise was delivered by the manufacturer to an unlicensed buyer or consumer.

3. That at the time of exportation the Canadian excise tax was not imposed when such or similar merchandise was sold and delivered by the manufacturer to a licensed buyer for incorporation into articles manufactured by the licensed buyer.

4. That the Canadian excise tax formed no part of the manufacturer's selling price or freely offered price.

5. That no excise tax was imposed on such or similar merchandise when exported from Canada.

6. That at the time of exportation such or similar merchandise was freely offered for sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade in the principal markets of the country from which exported, either for home consumption or for exportation to the United States, at the entered value.

I therefore hold as matter of law:

1. That the proper basis of value for the merchandise in question is foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), there being no higher export value.

2. That the Canadian excise tax of $4.20 (Canadian) per pound forms no part of the foreign value of the merchandise.

3. That said foreign value is the entered value.

Judgment will be entered accordingly.